IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:11cr10-MHT |
| | ) | WO |
| CARL HAWKINS, JR. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendant, Carl Hawkins, Jr., ("Hawkins") is charged in a single count indictment with possession with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). On April 15, 2011, Hawkins filed a motion to sever. (Doc. No. 33.) The court heard oral argument on the motion to sever on May 4, 2011. Upon careful consideration of the motion, the Government's response, and oral argument, the court concludes that the motion to sever is due to be denied.

Hawkins argues that severance is necessary because: (1) he would be prejudiced based on a partial admission by the co-defendant; (2) the co-defendant's statement would provide a substantial risk of prejudice because Hawkins has no attachment to the truck or the bag containing the contraband; (3) the written statements of the co-defendant are needed in Hawkins' case-in-chief as they exonerate him; (4) the co-defendant will have to testify in his own trial to clarify his own statements to the police; (5) pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), he is entitled to severance as to do otherwise would undermine his ability to confront all witnesses against him as it is clear that the co-defendant would provide testimony exculpating him; and (6) a jury may misconstrue evidence presented against the

co-defendant which could be attributed to Hawkins and therefore prejudice him before the jury, thereby forcing him to testify.

The general rule in this Circuit is that defendants who are jointly indicted should be tried together. *United States v. Cobb,* 185 F.3d 1193, 1197 (11th Cir. 1999). However, FED.R.CRIM.P. 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

A severance becomes necessary if, without a severance, a defendant would be unable to receive a fair trial and he would suffer "compelling prejudice against which a trial court could offer no protection." *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1501 (11th Cir. 1993) (quoting *United States v. Magdaniel-Mora*, 746 F.2d 715, 718 (11th Cir. 1984)). *See also United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989). A defendant must demonstrate specific and compelling prejudice to justify severance. *Cobb*, 185 F.3d at 1197; *United States v. Meester*, 762 F.2d 867, 883 (11th Cir. 1985). The standard for determining compelling prejudice is whether the jury could compare and estimate the independent evidence against the defendant on each count and reach individual verdicts as to each count. *United States v. Pirolli*, 742 F.2d 1382, 1386 (11th Cir. 1984). *See also United States v. Silien*, 825 F.2d 320, 323 (11th Cir. 1987).

Generally, there are four situations where severance may be required: "(1) [w]here the Defendants rely upon mutually antagonistic defenses; (2) [w]here one Defendant would

exculpate the moving defendant in a separate trial, but will not testify in a joint setting; (3) [w]here inculpatory evidence will be admitted against one Defendant that is not admissible against the other; and (4) [w]here a cumulative and prejudicial 'spill over' effect may prevent the jury from sifting through the evidence to make an individualized determination as to each Defendant." *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009).

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court set forth a two-step test for determining whether a defendant is entitled to a new trial due to a district court's refusal to sever prior to trial or to grant a mistrial once trial has commenced. First, a defendant must demonstrate that he was somehow prejudiced by a joint trial. *Id*. at 538. However, the Court clarified that "[m]utually antagonistic defenses are not prejudicial per se." *Id*. The Court specifically rejected the notion that defendants who have contradictory defenses are inherently prejudiced simply because "a jury will conclude [either] that both defendants are lying and convict them both on that basis, or that at least one of the two must be guilty without regard to whether the Government has proved its case beyond a reasonable doubt." *Id*. at 540.

In this case, the co-defendant provided a statement to a deputy sheriff in which he acknowledged ownership of the truck, a gun, and a duffel bag, but denied ownership of any illegal narcotics inside the bag. Thus, the facts do not demonstrate that the co-defendant provided any information to the officer which would either exculpate or inculpate Hawkins in this case. Therefore, there is nothing to suggest that the co-defendants have mutually antagonistic defenses. Moreover, the Government's evidence appears to be the same with

respect to both defendants. Consequently, there would be little to no difference between the evidence presented at a joint or separate trial.

Hawkins' argument that severance is necessary to permit exculpatory testimony of his co-defendant is likewise unavailing.

> Where a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, he "must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed [] testif[y] at a separate trial." *United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986); *see also United States v. Harris*, 908 F.2d 728, 739 (11th Cir. 1990); *United States v. Martinez*, 486 F.2d 15, 22 (5th Cir. 1973; *Byrd v. Wainwright*, 428 F.2d 1017, 1019-20 (5th Cir. 1970). Even if the defendant makes such a showing, the court must still "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." *Machado*, 804 F.2d at 1544; *accord United States v. Harris*, 908 F.2d 728, 739 (11th Cir. 1990) (quoting *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. 1981).

*Cobb*, 185 F.3d at 1197. *See also United States v. Baker*, 432 F.3d 1189, 1239 (11th Cir. 2005); *United States v. Novaton,* 271 F.3d 968, 989 (11th Cir. 2001); *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir. 1991).

The defendant has failed to make any showing that the co-defendant would testify at a separate trial. This is not a case in which the co-defendant has proffered an affidavit detailing his proposed testimony. *See Novation, supra*; *United States v. Pepe*, 747 F.2d 632,

651 (11th Cir. 1984); *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. Unit B 1981). In addition, the evidence does not indicate that the co-defendant's testimony would be exculpatory, especially in light of the codefendant's denial that he was aware of the contraband found in a duffel bag. The court also notes that Hawkins' alternative argument that the co-defendant would "have to testify" against him at a joint trial in order to clarify his statement is based on nothing more than speculation. This court, therefore, cannot conclude that severance is warranted due to the introduction of exculpatory co-defendant testimony.

Hawkins must present "specific and exonerative facts" to justify severance, and this he has not done. *See Novaton*, 271 F.3d at 990. He has provided the court with no factual support from which the court could determine if there exists prejudice sufficient to warrant separate trials. The mere "possibility" of prejudice is not enough. A defendant does not incur compelling prejudice merely because he may be acquitted if he is tried separately or because much of the trial evidence is applicable to her co-defendant. *United States v. Kabbaby*, 672 F.2d 857, 861-62 (11th Cir. 1982) (per curiam). Finally, the trial of these defendants is estimated to last three days so judicial administration and economy do not weigh heavily in favor of or against severance.

The defendant's burden is a heavy one and "one which mere conclusory allegations cannot carry." *United States v. Adams*, 1 F.3d 1566, 1578 (11th Cir. 1993). The court concludes that Hawkins has failed to meet his burden because he provides insufficient specific, exonerative facts to demonstrate that he is entitled to a severance.

5

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the motion to sever filed by Hawkins be DENIED. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **June 17, 2011.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 3rd day of June, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE